No. 19-7098                                September Term, 2020

1:14-cv-02032-RBW

**Filed On:** May 5, 2021

Mary E. Chambers,

       Appellant

     v.

District of Columbia,

       Appellee

**BEFORE:**    Srinivasan, Chief Judge; Henderson, Rogers, Tatel, Millett, Pillard, Wilkins, Katsas, Rao, and Walker, Circuit Judges

**O R D E R**

The panel in this case having suggested that the case be reheard en banc, see Chambers v. District of Columbia, 988 F.3d 497, 503 (D.C. Cir. 2021) (concurring opinion), a vote was taken and a majority of the judges eligible to participate voted to rehear the case en banc. In light of the foregoing, it is

**ORDERED** that this case will be reheard by the court sitting en banc. It is

**FURTHER ORDERED** that the judgment filed February 19, 2021, be vacated. It is

**FURTHER ORDERED** that this case be scheduled for oral argument before the en banc court on Tuesday, October 26, 2021, at 9:30 a.m. It is

**FURTHER ORDERED**, on the court's own motion, that

       Zachary C. Schauf
       Jenner & Block
       1099 New York Avenue, NW
       Suite 900
       Washington, DC 20001-4412

a member of the Bar of this court, be appointed as amicus curiae to assist the court. It is

## No. 19-7098                    September Term, 2020

**FURTHER ORDERED** that, in addition to filing briefs electronically, the parties file 30 paper copies of each brief and the appendix, in accordance with the following schedule:

| | |
|---|---|
| Brief for Appellant | June 30, 2021 |
| Appendix | June 30, 2021 |
| Brief for Amicus in support of Appellant, if any | July 7, 2021 |
| Brief for Appellee | August 6, 2021 |
| Brief for Amicus in support of Appellee, if any | August 13, 2021 |
| Brief for Appointed Amicus | August 27, 2021 |
| Reply Brief for Appellant | September 17, 2021 |

The parties are directed to limit briefing to the question of whether the court should retain the rule that the denial or forced acceptance of a job transfer is actionable under Title VII, 42 U.S.C. 2000e-2(a)(1), only if there is "objectively tangible harm," Brown v. Brody, 199 F.3d 446, 457 (D.C. Cir. 1999).

Appointed amicus curiae is directed to defend the proposition that the court should retain the rule that the denial or forced acceptance of a job transfer is actionable under Title VII, 42 U.S.C. 2000e-2(a)(1), only if there is "objectively tangible harm," Brown v. Brody, 199 F.3d at 457.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 41 (2017); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Because the briefing schedule is keyed to the date of oral argument, the court will grant requests for extension of time limits only for extraordinarily compelling reasons. The briefs and appendix must contain the date the case is scheduled for oral argument at the top of the cover. See D.C. Cir. Rule 28(a)(8).

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

## No. 19-7098

## September Term, 2020

A separate order will issue allocating oral argument time.

### **Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Michael C. McGrail
Deputy Clerk